UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ASHLEY BENSON,

                                Plaintiff,

v.                                                                   1:19-cv-1004 (TWD)

NEIL GARDNER, GARDNER'S
ICE CREAM & COFFEE SHOPPE,

                                Defendants.
_____

APPEARANCES:                                   OF COUNSEL:
O'CONNELL, ARONOWITZ LAW FIRM      STEPHEN R. COFFEY, ESQ.
 *Counsel for Plaintiff*                           PAMELA A. NICHOLS, ESQ.
54 State Street
9th Floor
Albany, NY 12207

PREMO LAW FIRM                                       BRIAN D. PREMO, ESQ.
 *Counsel for Defendant*
20 Corporate Woods Boulevard
Albany, NY 12211

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## DECISION AND ORDER

       Invoking this Court's jurisdiction under 28 U.S.C. § 1332, Ashley Benson ("Benson" or "Plaintiff") initiated this action against Neil Gardner ("Gardner"), Gardner's Ice Cream & Coffee Shoppe ("Gardner's Ice Cream"), and the Town of Stephentown ("Stephentown") on August 14, 2019. (Dkt. No. 1.) The parties subsequently stipulated to the dismissal of Stephentown, and the case proceeded through discovery. (*See* Dkt. Nos. 30, 32, 42, 47, 53, 62.) The parties consented to the disposition of this case by a Magistrate Judge. (Dkt. No. 73.) Now before the court is a motion in limine advanced by Gardner and Gardner's Ice Cream (collectively, "Defendants"). (Dkt. No. 99.) The motion is GRANTED IN PART and DENIED IN PART. (*See* Dkt. No. 99.)

**I.     BACKGROUND**

Plaintiff claims Gardner, an owner and employee of Gardner's Ice Cream, sexually assaulted and abused her when she was a minor employed at Gardner's Ice Cream. (Dkt. No. 1.) Plaintiff claims Gardner regularly and repeatedly touched her breasts, buttocks, and vagina from 1995 to 2000. *Id.* Plaintiff also claims that during this period, Gardner took her to an unoccupied house where he sexually assaulted and battered her. *Id.* Plaintiff accordingly asserts six causes of action against Defendants: (1) assault and battery (Gardner), (2) intentional infliction of emotional distress (Gardner), (3) negligent infliction of emotional distress (both Defendants), (4) false imprisonment (Gardner), (5) invasion of privacy (Gardner), and (6) negligence (Gardner's Ice Cream). *Id.*

Following an initial pretrial conference, the parties began discovery. (*See* Dkt. No. 26.) Initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) were to be served by November 22, 2019, and discovery was due by July 1, 2020. *Id.* The undersigned subsequently extended the deadline for initial disclosures by 90 days. (Dkt. No. 31.) The undersigned also extended the deadline for discovery four times. (*See* Dkt. Nos. 32, 42, 47, 62.) Under the final and most recent extension, discovery was due by May 28, 2021. (Dkt. No. 62.) At the close of discovery, the case was deemed trial ready. (*See* Dkt. Nos. 63, 74.)

Trial is set to begin March 1, 2022. (Dkt. No. 79.) On February 8, 2022, Plaintiff's counsel submitted a trial brief summarizing the testimony of a witness ("the first witness") he intends to call at trial. (Dkt. No. 90.) According to Plaintiff's counsel, the first witness will testify that Gardner raped her in 2008 when she was 15 years old. *See id.* at 1. Plaintiff's counsel also anticipates the first witness will testify that Gardner "threatened to harm her" if she told anyone about the rape, and "paid her a large sum of money to keep quiet about what had

occurred." *Id.* at 1.  Similarly, on February 14, 2021, Plaintiff's counsel informed defense counsel he intends to call another witness ("the second witness") who will also testify that Gardner "inappropriately touched her breasts and her private parts and kissed and hugged her throughout her employment period without her consent."  (Dkt. No. 104-2; *see generally* Dkt. No. 104 at 2-3.)

Defendants subsequently moved to preclude the testimony of both witnesses, as well as any mention of Gardner's 2008 convictions for criminal possession of a forged instrument in the second degree and offering a false instrument in the first degree.  (Dkt. Nos. 99, 104.) Defendants argue evidence of Gardner's criminal history should be precluded because: (a) the "conviction is more than ten (10) years old," (b) it "has no relevance to this matter," and (c) admission of such evidence would violate Federal Rule of Evidence 403.  (Dkt. No. 9 at 2-3.) Defendants argue the testimony of both witnesses should be precluded because: (a) they were not listed as potential character or reputation witnesses in Plaintiff's initial disclosures, (b) Defendants did not depose them, and (c) their testimony is inadmissible under Federal Rules of Evidence 404(b) and 403.  *Id.* at 1-2; *see also* Dkt. No. 104.

In response, Plaintiff's counsel raises no objection to Defendants' claim that the first witness was not included in Plaintiff's initial disclosures. (*See* Dkt. No. 103.)  Rather, Plaintiff's counsel claims the first witness's testimony is admissible because "we have complied with the mandates of Federal Rule 415 and provided the Defendants with notice more than 15 days before trial." *Id.* at 1.  Plaintiff raises essentially the same claims regarding the second witness. (*See* Dkt. No. 104-2.)

3

## II.     DISCUSSION

### A.     Evidence of Defendant's Criminal History is Admissible under Federal Rule of Evidence 609(b)(1)

"Rule 609(b) of the Federal Rules of Evidence bars the use of a conviction more than ten years old to attack a witness's credibility unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993);[1] *see also* Fed. R. Evid. 609(b)(1);[2] *Jeanty v. Cerminaro,* No. 6:16-CV-00966 (BKS/TWD), 2021 WL 2778572, at *1-3 (N.D.N.Y. July 2, 2021).  "A determination that the probative value of the conviction substantially outweighs its prejudicial effect must be made on-the-record and based on specific facts and circumstances." *United States v. Payton*, 159 F.3d 49, 57 (2d Cir. 1998).

In conducting the necessary balancing test, courts consider the following factors: (1) the impeachment value of the prior crimes, (2) the date of the conviction and the Defendant's subsequent history, (3) the similarity between the past crime and the conduct at issue, (4) the centrality of the Defendant's credibility, and (5) the importance of the Defendant's testimony. *United States v. Brown*, 606 F. Supp. 2d 306, 311-12 (E.D.N.Y. 2009) (collecting cases); *see also Cerminaro*, 2021 WL 2778572, at *2; *Frierson v. Reinisch*, No. 1:17-CV-44 (MAD/CFH), 2020 WL 5123123, at *2 (N.D.N.Y. Aug. 31, 2020).  "Courts in this Circuit have consistently

---

[1] Unless otherwise indicated, in quoting cases, all alterations, internal quotation marks, emphases, footnotes, and citations are omitted.  *See, e.g.*, *Sczepanski v. Saul*, 946 F.3d 152, 157 n.4 (2d Cir. 2020).

[2] Under Federal Rule of Evidence 609(b)(1), evidence of a conviction that is more than 10 years old "is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."

admitted convictions over ten years of age when the prior crimes involved falsification and the credibility of the testifying witness was crucial to the outcome of the current case." *Cerminaro*, 2021 WL 2778572, at *3; *accord Brown*, 606 F. Supp. 2d 306, 312 ("Although all of these factors are relevant, prime among them is the first factor, *i.e.,* whether the crime, by its nature, is probative of a lack of veracity.").

Applying these factors to the facts and circumstances of this case, the Court concludes the probative value of Gardner's criminal history substantially outweighs its prejudicial effect. *See* Fed. R. Evid. 609(b)(1); *Zinman*, 983 F.2d at 434.  First, Gardner's convictions hold substantial impeachment value because they implicate his trustworthiness.  *See Brown*, 606 F. Supp. at 311; *see generally* Fed. R. Evid. 609(a)(2) (indicating that witness's "character for truthfulness" can be attacked with evidence of convictions involving "a dishonest act or false statement").  In 2008, Gardner was convicted on twelve counts of criminal possession of a forged instrument in the second degree, *see* New York Penal Law § 170.25,[3] and twelve counts of offering a false instrument in the first degree, *see* New York Penal Law § 175.35.[4]  (Dkt. No. 99 at 1.)  Both crimes involve acting "with the intent to defraud" another.  *See* New York Penal Law § 170.25; *see id.* at § 175.35.  Acting with the intent to defraud another is dishonest conduct.  The impeachment value of Gardner's prior convictions accordingly weighs in favor of admitting such evidence.  *See United States v. Puco*, 453 F.2d 539, 543 (2d Cir. 1971) ("crimes

---

[3] "A person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and *with intend to defraud, deceive or injure another*, he utters or possesses any forged instrument of a kind specified in section 170.10."  New York Penal Law § 170.25 (emphasis added).

[4] "A person is guilty of offering a false instrument for filing in the first degree when . . . knowing that a written instrument contains a false instrument or false information, and *with intent to defraud* the state or any political subdivision . . . presents it to the public office . . . ."  New York Penal Law § 170.35(1) (emphasis added).

5

which involve fraud or stealing reflect on honesty and integrity and thereby on credibility."); *see also Corcoran v. CHG-Meridian U.S. Fin., Ltd.*, No. 5:11-CV-1462 (MAD/DEP), 2014 WL 1976671, at *3 (N.D.N.Y. May 15, 2014) (concluding "a conviction for making a false statement to a federal officer is probative of a [witness's] propensity to tell the truth").

Second, Gardner was convicted over a decade ago, and no party has produced evidence relevant to Gardner's truthfulness in the years following his convictions. The remoteness of this conviction weighs slightly against its admissibility. *See Brisman v. Volpe*, No. 9:15-CV-466 (MAD/TWD), 2018 WL 3691236, at *3 (N.D.N.Y. Aug. 3, 2018) (concluding the second factor weighed in favor of excluding evidence of a conviction that was "more than 20 years old"); *Puco*, 453 F.2d 539, 543 (same); *accord* Fed. R. Evid. 609(b).

Third, the criminal conduct Gardner was convicted of in 2008 bears no resemblance to the conduct at issue in this case. *See Brown*, 606 F. Supp. at 311. Gardner's convictions from 2008 involve acting with the intent to defraud another, but his alleged conduct in this case involves assaulting and battering Plaintiff. In other words, Gardner's criminal conduct from 2008 "bears no resemblance to" the conduct alleged in this case. *See Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997). "The less similar the pending case to the prior conviction, the less prejudicial its admission is." *Stephen v. Hanley*, No. 03-CV-6226 (KAM/LB), 2009 WL 1471180, at *5 (E.D.N.Y. May 21, 2009); *see also Puco*, 453 F.2d at 542 ("The potential for prejudice, moreover, is greatly enhanced where, as here, the prior offense is similar to the one for which the defendant is on trial."). This factor accordingly weighs in favor of admission. *See, e.g.*, *Thomas v. Leifeld*, No. 9:13-CV-321 (MAD/TWD), 2018 WL 3387690, at *3 (N.D.N.Y. July 12, 2018); *Daniels*, 986 F. Supp. at 250.

Finally, the testimony and credibility of Gardner is likely to be important at trial. *See Brown*, 606 F. Supp. at 311. "[W]here the credibility of a given witness is particularly important because there is little other documentary or supporting evidence and success at trial probably hinges entirely on the witness's credibility with the jury, the fourth factor weighs in favor of admission of the prior conviction." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011); *see also Espinosa v. McCabe*, No. 9:10-CV-497 (MAD/CFH), 2014 WL 988832, at *5 (N.D.N.Y. Mar. 12, 2014). The parties intend to call Gardner to testify at trial. (*See generally* Dkt. Nos. 91, 96.) Plaintiff also intends to call Benson, who is expected testify about Gardner's conduct. (*See* Dkt. No. 91.) The jury must weigh the credibility of Benson and Gardner and decide who is telling the truth. Given the importance of Gardner's testimony and credibility, this factor weighs in favor of admitting evidence of his criminal record. *See, e.g.*, *Brooks v. Farnum*, No. 9:14-CV-477 (MAD/DJS), 2020 WL 495171, at *4 (N.D.N.Y. Jan. 30, 2020); *Espinosa*, 2014 WL 988832, at *5.

Based on the foregoing analysis, the Court finds that the probative value of evidence of Gardner's 2008 convictions substantially outweighs its prejudicial effect. *See* Fed. R. Evid. 609(b)(1); *Zinman*, 983 F.2d at 434. Gardner's motion to preclude evidence of his convictions from 2008 is DENIED. (Dkt. No. 99.) Plaintiff may introduce evidence of these convictions to impeach Gardner for truthfulness, but that evidence must be strictly limited to the essential facts of the convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed. *Cerminaro*, 2021 WL 2778572, at *3; *see also Espinosa*, 2014 WL 988832, at *3.

### B. Plaintiff is Precluded from Calling Witnesses that were Not Disclosed in Plaintiff's Initial Disclosures[5]

Under Rule 26 of the Federal Rules of Civil Procedure, a litigant must disclose the identity of individuals "likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i); *see also Breitenbach v. United States*, No. 1:16-CV-00011 (NAM/CFH), 2019 WL 5727476, at *3 (N.D.N.Y. Nov. 5, 2019).[6] The initial disclosure requirement is buttressed by parties' duty to supplement their disclosures and submit pretrial disclosures. *See* Fed. R. Civ. P. 26(a)(3), (e). Parties must "update and supplement their disclosures and other discovery responses in 'a timely manner.'" *Breitenbach*, 2019 WL 5727476, at *3; *see also Peterson v. Pan Am Railways, Inc.*, No. 1:12-CV-1857 (LEK/CFH), 2015 WL 2451227, at *2 (N.D.N.Y. May 21, 2015). Additionally, unless the court has ordered otherwise, parties must submit pretrial disclosures "30 days before trial." Fed. R. Civ. P. 26(a)(3)(B). A core purpose of the initial disclosure requirement is "to alert an opposing party of the need to take discovery of the named witness." *New York State L. Enf't Officers Union Council 82, AFSCME, AFL-CIO v. Cuomo*, 346 F. Supp. 3d 256, 292-93 (N.D.N.Y. 2018); *see also Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) ("The purpose of these rules is to avoid surprise or trial by ambush.").

---

[5] Because the Court concludes preclusion is warranted under Federal Rule of Civil Procedure 37(c)(1), the Court does not address Defendants' argument that the proposed testimony is inadmissible under Federal Rules of Evidence 403 and 404(b). (*See* Dkt. No. 99.)

[6] The impeachment exception is inapplicable here because, according to Plaintiff's counsel, the first witness "is neither a character witness nor an impeachment witness." (Dkt. No. 103 at 1; *see generally Weiping Liu v. Indium Corp. of Am.*, No. 6:16-CV-01080 (BKS/TWD), 2019 WL 6310977, at *4 n.4 (N.D.N.Y. Nov. 25, 2019).) Rather, Plaintiff's counsel intends to offer testimony from both witnesses to prove Gardner's propensity to commit sexual assaults. (*See generally* Dkt. Nos. 90, 103, 104-2.)

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or it is harmless." Fed. R. Civ. P. 37(c); *see Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). In other words, "Federal Rule of Civil Procedure 37 permits the court to sanction a party that fails to make the disclosures that Federal Rule of Civil Procedure 26 requires." *Brennan-Centrella v. Ritz-Craft Corp. of Pennsylvania*, 788 F. App'x 799, 803 (2d Cir. 2019). The purpose of such a sanction under Rule 37(c)(1) "is to prevent the practice of sandbagging an opposing party with new evidence." *Cajero Torres v. Sushi Sushi Holdings Inc.*, No. 19-CIV-2532 (PAE/RWL), 2021 WL 2158017, at *3 (S.D.N.Y. May 27, 2021).

This Court has "wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37." *Brennan-Centrella*, 788 F. App'x at 803; *see also King v. Wang*, No. 14-CV-7694 (LJL), 2021 WL 5232454, at *17 (S.D.N.Y. Nov. 9, 2021) ("Despite the mandatory language of the rule, the Second Circuit views preclusion as discretionary."). In determining whether to exercise that discretion to preclude testimony under Rule 37(c)(1), this Court must consider: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson*, 440 F.3d at 117.

Applying those factors to the facts of this case, the Court concludes preclusion is warranted. First, Plaintiff's counsel provided no justification—much less a substantial one—for the failure to disclose the witnesses via Rule 26 disclosures. *See* Fed. R. Civ. P. 37(c)(1); *see generally Peterson*, 2015 WL 2451227, at *2 ("The burden to prove either substantial

9

justification or harmlessness is on the party facing sanctions."). Plaintiff's counsel did not disclose the witnesses in initial or supplemental disclosures. (*See* Dkt. Nos. 90, 103, 104-1; *see also* Fed. R. Civ. P. 26(a)(1)(A)(i), (e)(1).) Plaintiff's counsel also failed to disclose the second witness in pretrial disclosures. (*See* Dkt. Nos. 90, 103, 104-2; *see also* Fed. R. Civ. P. 26(a)(3)(A)(i).) Plaintiff's counsel offers no explanation for these omissions. (*See* Dkt. No. 103.) This factor accordingly weighs in favor of preclusion. *See* Fed. R. Civ. P. 37(c)(1); *see, e.g.*, *Boger v. New York State Off. of Parks*, No. 5:17-CV-289 (MAD/TWD), 2019 WL 6038545, at *3 (N.D.N.Y. Nov. 14, 2019); *Williams v. Bethel Springvale Nursing Home, Inc.*, No. 14-CV-09383 (NSR), 2018 WL 1662644, at *5 (S.D.N.Y. Apr. 5, 2018).

Second, there is no indication the witnesses have first or second-hand knowledge of Plaintiff's claims. (*See generally* Dkt. Nos. 90, 103, 104-2.) According to Plaintiff's counsel, the witnesses would not offer testimony about the underlying conduct and events in this case. *See id.* Rather, the witnesses would offer testimony about Gardner's alleged conduct years after the conduct and events at issue in this case. *See id.* The witnesses' testimony might be important to Plaintiff's trial strategy, but Plaintiff's counsel has failed to demonstrate that it is important to proving Plaintiff's version of events. This factor is accordingly neutral. *See Patterson*, 440 F.3d at 117.

Third, Gardner would suffer considerable prejudice if the witnesses were permitted to testify at trial. *See* Fed. R. Civ. P. 37(c)(1); *Patterson*, 440 F.3d at 117. Gardner never deposed the witnesses because Plaintiff's counsel did not identify them in initial or supplemental disclosures. (*See* Dkt. Nos. 99, 104.) Following four extensions, discovery ended on May 28, 2021. (*See* Dkt. Nos. 32, 42, 47, 62.) Two and a half years after Plaintiff initiated this action, trial is now scheduled to begin in less than two weeks, on March 1, 2022. (Dkt. No. 79.)

Gardner did not engage in discovery or prepare for trial with knowledge that Plaintiff would use the witnesses to support her claims.  (*See* Dkt. Nos. 99, 104, 104-1.)  "Where, as here, an individual is not identified as a potential witness, or even as an individual with knowledge of the claims and defenses in the action, until *after* the close of discovery, the offending party subverts the purpose of mandatory disclosures and undoubtedly prejudices their opponent." *Williams*, 2018 WL 1662644, at *5 (emphasis in original); *see also United States ex rel. Lee v. N. Metro. Foundation for Healthcare, Inc.*, No. 13-CV-04933(EK/RER), 2021 WL 3634765, at *9 (E.D.N.Y. Aug. 16, 2021) (collecting cases).  "Indeed, untimely disclosures rob opposing counsel of the opportunity to take discovery of the named witness, build a complete theory of the case, plan appropriate trial strategies, and find other evidence for use at trial." *Williams*, 2018 WL 1662644, at *5; *see also Breitenbach v. United States*, No. 1:16-CV-00011 (NAM/CFH), 2019 WL 5727476, at *3 (N.D.N.Y. Nov. 5, 2019) ("Plaintiff's failure has deprived Defendants of the opportunity to depose these witnesses, thereby denying them the chance to anticipate potential testimony and assess their credibility.").  "[R]eopening discovery now would result in further substantial delays to the resolution to this case and impose additional costs on [Defendants]." *Colon v. Linchip Logistics LLC*, 330 F.R.D. 359, 368 (E.D.N.Y. 2019); *see also Breitenbach*, 2019 WL 5727476, at *3 ("And reopening discovery would not be justified given the many delays the Court has already permitted").  "These harms are not easily remedied in the few weeks before trial—long after discovery has ended." *Williams*, 2018 WL 1662644, at *5.  The third factor accordingly weights strongly in favor of preclusion.

      Fourth, a continuance is impracticable at this stage.  *See Patterson*, 440 F.3d at 117.  This case began over two and a half years ago.  (*See* Dkt. No. 1.)  In the interim, this Court extended discovery four times.  (*See* Dkt. Nos. 32, 42, 47, 62.)  Discovery ended over eight months ago on

May 28, 2021.  (Dkt. No. 62.)  Trial is now scheduled to start in less than two weeks, on March 1, 2022.  (*See* Dkt. No. 79.)  "By now, both parties have invested resources in preparing for trial, have arranged their and their witnesses' schedules, and the Court has cleared room in its calendar to accommodate the current trial dates."  *Williams*, 2018 WL 1662644, at *5.  Yet just last week, Plaintiff's counsel disclosed for the first time that the witnesses would testify in support of Plaintiff's claims.  (*See* Dkt. Nos. 90, 103, 104-2.)  A continuance after the close of discovery and this close to the trial date would be inappropriate.  *See, e.g.*, *United States ex rel. Lee*, 2021 WL 3634765, at *9 ("Other courts have precluded testimony where, as here, the witness was disclosed shortly before trial.") (collecting cases); *Boger v. New York State Off. of Parks*, No. 5:17-CV-289 (MAD/TWD), 2019 WL 6038545, at *3 (N.D.N.Y. Nov. 14, 2019) (concluding "a continuance of this trial due to Plaintiff's extremely late disclosure of a witness almost a year after the discovery deadline expired and only nineteen days before trial is scheduled to begin would be inappropriate"); *Colon*, 330 F.R.D. at 368 ("The closure of discovery weighs strongly against any possibility of a continuance."); *Spotnana, Inc. v. Am. Talent Agency, Inc.*, No. 09-CIV-3698 (LAP), 2010 WL 3341837, at *2 (S.D.N.Y. Aug. 17, 2010) (same).  Therefore, the fourth factor weighs in favor of preclusion.

Based on the foregoing analysis, the Court concludes the failure to disclose the witnesses in accordance with Rule 26 was neither substantially justified nor harmless.  *See* Fed. R. Civ. P. 37(c)(1); *Patterson*, 440 F.3d at 117.  Accordingly, Gardner's motion to preclude the testimony of the witnesses is GRANTED.  (*See* Dkt. No. 99.)  Individuals who were not identified in Plaintiff's Rule 26 disclosures and whose testimony is not offered "solely for impeachment" are precluded from testifying at trial.  *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

"[T]his ruling constitutes a preliminary determination in preparation for trial." *Williams*, 2018 WL 1662644, at *1.  This Court accordingly reserves—for a later date if the appropriate factual context unfolds—a decision on whether testimony from the witnesses may be introduced "solely for impeachment."  *See* Fed. R. Civ. P. 26(a)(1)(A), (a)(3)(A); *see also Ash v. Johnston*, No. 9:18-CV-738 (MAD/ML), 2021 WL 2826426, at *1 (N.D.N.Y. July 7, 2021) ("Courts considering motions in limine may reserve decision until trial so that the motion is placed in the appropriate factual context.").

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion in limine is **GRANTED IN PART** and **DENIED IN PART**.  (Dkt. Nos. 99, 104.)  Plaintiff may introduce evidence of Gardner's convictions to impeach him for truthfulness, but that evidence must be strictly limited to the essential facts of the convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed.  Individuals who were not identified in Plaintiff's Rule 26 disclosures and whose testimony is not offered "solely for impeachment" are precluded from testifying at trial.

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED**.

Dated:       February 22, 2022
             Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge